UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JENNY RUBIN, DEBORAH RUBIN,
DANIEL MILLER, ABRAHAM MENDELSON,
STUART HERSH, RENAY FRYM,
NOEM ROSENMAN, ELENA ROSENMAN and
TZVI ROSENMAN,                                                            11-MC-00039-P1

        Petitioners/Judgment-Creditors,      **ANSWER OF**
                                                                                                      **HSBC BANK USA, N.A.**
    - against -                                                                **TO PETITION**
                                                                                                      **FOR TURNOVER**
HAMAS – ISLAMIC RESISTANCE MOVEMENT
(a.k.a. "Harakat Al-Muqawama Al-Islamiyya"),

        Judgment-Debtor,

    and

JP MORGAN CHASE BANK, N.A.,
HSBC BANK, U.S.A., N.A.,
CITIBANK, N.A. and
MORGAN STANLEY DW, INC.,

        Respondents/Garnishees.
_____

      Respondent/Garnishee HSBC Bank, USA, N.A. ("HSBC"), by its attorneys, Phillips Lytle LLP, for its Answer to the Petition for Turnover herein:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 1 of the Petition.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 2 of the Petition, and refers the Court to the docket of the referenced litigation.

- 2 -

3. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 3 of the Petition, and refers the Court to the docket of the referenced litigation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 4 of the Petition.

5. Admits that the docket sheet in the above-captioned action reflects the registration of a judgment from the United States District Court, District of Columbia, Judgment #11,0281 in favor of Jenny Rubin against Hamas-Islamic, and otherwise denies the allegations of paragraph 5 of the Petition.

6. States that the averments contained in paragraph 6 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to the International Emergency Economic Powers Act, 50 U.S.C. §1701, *et seq.*, for the terms, contents and conditions thereof.

7. States that the averments contained in paragraph 7 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to Executive Order 12947 for the terms, contents and conditions thereof.

8. States that the averments contained in paragraph 8 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to Executive Order 13224 for the terms, contents and conditions thereof.

9. States that the averments contained in paragraph 9 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

- 3 -

    10. States that the averments contained in paragraph 10 of the Petition constitute legal conclusions as to which no response is required, and refers to the "Blocking Notice," the findings of the Secretary of the Treasury and the cited case for the terms, contents and conditions thereof.

    11. States that the averments contained in paragraph 11 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") for the terms, contents and conditions thereof.

    12. States that the averments contained in paragraph 12 of the Petition constitute legal conclusions as to which no response is required, and refers to TRIA, its legislative history and the cited case for the terms, contents and conditions thereof.

    13. States that the averments contained in paragraph 13 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

    14. States that the averments contained in paragraph 14 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for the terms, contents and conditions thereof.

    15. States that the averments contained in paragraph 15 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA and the cited case for the terms, contents and conditions thereof.

    16. States that the averments contained in paragraph 16 of the Petition and the footnotes thereto constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for the terms, contents and conditions thereof.

- 4 -

17. Denies knowledge or information sufficient to form a belief as to whether HLF "acts for or on behalf of" Hamas as alleged in paragraph 17 of the Petition, and otherwise states that the averments contained in paragraph 17 of the Petition and the footnote thereto constitute legal conclusions as to which no response is required, and refers to the referenced Executive Orders and TRIA for the terms, contents and conditions thereof.

18. States that the averments contained in paragraph 18 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

19. States that the averments contained in paragraph 19 of the Petition constitute a legal conclusion as to which no response is required. If and to the extent that a response is deemed to be required, denies the averments as they relate to HSBC, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to other parties.

20. States that the averments contained in paragraph 20 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for terms, contents and conditions thereof.

### ADDITIONAL ALLEGATIONS RELEVANT TO ADDITIONAL DEFENSES

21. HSBC, which is a stakeholder in this context, recognizes that it is possible that Petitioners may be entitled to the relief sought pursuant to the Petition.

- 5 -

22. Before the Court can grant such relief, however, all interested parties should have an opportunity to be heard, including the United States of America, which has asserted a competing claim to the assets at issue, and the Court is respectfully requested to:

(a) first determine whether the turnover relief sought by Petitioners is precluded by the Stay Pending Appeal and/or any other orders or rulings by the United States District Court for the Northern District of Texas and/or the United States Court of Appeals for the Fifth Circuit in *United States of America v. Holy Land Foundation for Relief and Development*, CRIM No: 3:04-CR-0240-P (the "Texas Federal Court Litigation"); and

(b) if the Court determines that the Stay Pending Appeal and/or the other orders or rulings in the Texas Federal Court Litigation do not preclude turnover relief, the Court is respectfully requested to adjudicate the issues presented by Petitioners' request for relief under TRIA; the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §1601, *et seq.* (the "FSIA"); Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to, *inter cilia*, IEEPA and the UNPA; 21 U.S.C. §853 (the Criminal Forfeiture Statute) and any relevant regulations or designations issued by OFAC; and

- 6 -

    (c)    if the turnover sought by Petitioners is granted, enter an order pursuant to CPLR §5209 discharging HSBC from liability to HLF as its depositor in its capacity as a judgment debtor, within the meaning of CPLR §5209, and further discharging HSBC from liability to any and all other parties for any levy, execution or turnover of HLF blocked deposits made pursuant to the Court's order.

## FIRST DEFENSE

23.    The turnover relief sought by the Petitioners is or may be barred by the Stay Pending Appeal and/or other rulings or orders in the pending proceedings in the Texas Federal Court Litigation, including without limitation the restraining order issued for the preservation of assets titled in HLF's name that are potentially subject to forfeiture.

## SECOND DEFENSE

24.    The writ of execution which Petitioners seek to enforce pursuant to CPLR §§5225 and 5227 expired when it was not renewed by further order of the Court within sixty (60) days after levy.

## THIRD DEFENSE

25.    No proof of service of the Petition on HLF has been filed with the Court, nor is there any filing with the Court as to the delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

**FOURTH DEFENSE**

26. No proof of service on the judgment debtor, as required by CPLR §§5225(a) and 5227, has been filed with the Court.

**FIFTH DEFENSE**

27. While Petitioners rely on Section 201 of TRIA, they have alleged in their Petition some but not all of the elements required to be established by them as a predicate for issuance by the Court of any order authorizing execution against or turnover of the blocked HLF deposits with HSBC, including, without limitation, allegations and a factual showing permitting a determination by the Court:

>
> (a) that the judgment sought to be enforced is (i) against a terrorist party on a claim based on an act of terrorism; or (ii) based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. §1605(a)(7);
>
> (b) that the amount in respect of which execution is sought, including interest and any poundage, is solely for compensatory damages in respect of which the terrorist party has been adjudged liable;
>
> (c) that the HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS;
>
> (d) that, in respect of any judgment entered against a terrorist party by default, a copy of such default judgment was served on the party in a manner provided by applicable law; and

      (e)      that the Petition was served upon the judgment debtor in a manner provided by applicable law.

### SIXTH DEFENSE

28. Pursuant to Executive Order 12947 and Executive Order 13224, both as amended, and pursuant to the Regulations and designations issued by OFAC thereunder, HSBC is prohibited from transferring any assets held by it, if any, in which HLF has an interest, except pursuant to a license issued by OFAC. Accordingly, as set forth above, in order to be entitled to the relief sought herein, Petitioners must establish, and this Court must adjudicate, that TRIA overrides the referenced OFAC Regulations and designations.

### SEVENTH DEFENSE

29. The proceeding is barred by the provisions of 21 U.S.C. §853(k).

### EIGHTH DEFENSE

30. The relief sought in the petition herein is barred in whole or in part by the doctrine of *res judicata*.

### NINTH DEFENSE

31. The instant proceeding should not proceed in this jurisdiction as a matter of comity and judicial efficiency in light of the pending Texas Federal Court Litigation.

WHEREFORE, Respondent HSBC Bank USA, N.A. respectfully requests that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by HSBC, and if the Court does order execution or turnover, determine in its order:

- 9 -

(a) the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and the identity of any judgment creditor to whom the turnover is granted;

(b) whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. §1605(a)(7);

(c) whether the amount of each judgment as to which execution is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA §201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(d) whether, in respect of each judgment entered against a terrorist party by default, (i) HLF was sufficiently on notice of the proceedings giving rise to the findings of fact made against it such that the requirements of due process have been satisfied and (ii) a copy of such default judgment was sent to the judgment debtor in a manner provided for by applicable law;

    (e)    whether, to the extent that HSBC is ordered to turn over any amount representing a deposit debt owed to HLF, HSBC, pursuant to CPLR §5209, is discharged from any and all obligations or liabilities to HLF, as a judgment debtor within the meaning of CPLR §5209, or to any other person to the full extent of the payment;

    (f)    whether HSBC is entitled to other and further relief, including an award of attorneys' fees and the costs of this proceeding.

DATED:    October 31, 2011

    PHILLIPS LYTLE LLP

    By:    <u>s/ Paul K. Stecker</u>
    Paul K. Stecker
    Attorneys for Respondent
    Suite 3400, One HSBC Center
    Buffalo, New York  14203
    (716) 847-8400
    pstecker@phillipslytle.com

    and

    437 Madison Avenue, 34th Floor
    New York, New York 10022
    (212) 759-4888

TO:    THE BERKMAN LAW OFFICE, LLC
    (Robert J. Tolchin, of Counsel)
    Attorneys for Petitioners
    111 Livingston Street, Suite 1928
    Brooklyn, New York  11201

FFFtl
Doc # 01-2527058.1