UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

JENNY RUBIN,
DEBORAH RUBIN,
DANIEL MILLER,
ABRAHAM MENDELSON,
STUART HERSH,
RENAY FRYM,
NOAM ROZENMAN,
ELENA ROZENMAN,
and TZVI ROZENMAN,

        Petitioners/Judgment-Creditors,

- against -

HAMAS-ISLAMIC RESISTANCE MOVEMENT
(a.k.a.: "Harakat Al-Muqawama AL- Islamiyya"),

        Judgment-Debtor

-and-

JP MORGAN CHASE BANK, N.A.,
HSBC BANK, U.S.A., N.A.,
CITIBANK, N.A.,
and MORGAN STANLEY DW, INC.,
        Respondents/Garnishees.

---------------------------------------------------------------- x

Case No.: 11-mc-00039-P1

**ANSWER TO PETITION FOR TURNOVER**

Respondent/Garnishee Morgan Stanley DW, Inc.[1] ("MSDW"), by its attorneys Krebsbach & Snyder, P.C., alleges as follows for its Answer to the Petition for Turnover herein:

---

[1] On April 1, 2007, Morgan Stanley DW, Inc. merged with Morgan Stanley & Co. Incorporated, which subsequently became Morgan Stanley & Co. LLC. In addition, thereafter Morgan Stanley Smith Barney Holdings, LLC, a new joint venture, was formed; the joint venture owns Morgan Stanley Smith Barney LLC, a newly formed registered investment advisor and broker-dealer.

1

1. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 1 of the Petition.

2. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 2 of the Petition, and refers the Court to the docket of the referenced litigation.

3. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 3 of the Petition, and refers the Court to the docket of the referenced litigation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 4 of the Petition.

5. Admits that the docket sheet in the above captioned action reflects the registration of a judgment from the United States District Court, District of Columbia; Judgment # 11,0281 in favor of Jenny Rubin against Hamas-Islamic, and otherwise denies the allegations of paragraph 5 of the Petition.

6. States that the averments contained in paragraph 6 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq., for the terms, contents and conditions thereof.

7. States that the averments contained in paragraph 7 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to Executive Order 12947 for the terms, contents and conditions thereof.

8. States that the averments contained in paragraph 8 of the Petition constitute legal conclusions as to which no response is required, and otherwise refers to Executive Order 13224 for the terms, contents and conditions thereof.

9. States that the averments contained in paragraph 9 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

10. States that the averments contained in paragraph 10 of the Petition constitute legal conclusions as to which no response is required, and refers to the "Blocking Notice," the findings of the Secretary of the Treasury and the cited case for the terms, contents and conditions thereof.

11. States that the averments contained in paragraph 11 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") for the terms, contents and conditions thereof.

12. States that the averments contained in paragraph 12 of the Petition constitute legal conclusions as to which no response is required, and refers to TRIA, its legislative history and the cited case for the terms, contents and conditions thereof.

13. States that the averments contained in paragraph 13 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

14. States that the averments contained in paragraph 14 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for the terms, contents and conditions thereof.

15. States that the averments contained in paragraph 15 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA and the cited case for the terms, contents and conditions thereof.

16. States that the averments contained in paragraph 16 of the Petition and the footnotes thereto constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for the terms, contents and conditions thereof.

17. Denies knowledge or information sufficient to form a belief as to whether HLF "acts for or on behalf of" Hamas as alleged in paragraph 17 of the Petition, and otherwise states that the averments contained in paragraph 17 of the Petition and the footnote thereto constitute legal conclusions as to which no response is required, and refers to the referenced Executive Orders and TRIA for the terms, contents and conditions thereof.

18. States that the averments contained in paragraph 18 of the Petition constitute legal conclusions as to which no response is required, and refers to the cited case for the terms, contents and conditions thereof.

19. States that the averments contained in paragraph 19 of the Petition constitute a legal conclusion as to which no response is required. If and to the extent that a response is deemed to be required, denies the averments as they relate to MSDW, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to other parties.

20. States that the averments contained in paragraph 20 of the Petition constitute legal conclusions as to which no response is required, and refers to Section 201 of TRIA for terms, contents and conditions thereof.

## ADDITIONAL ALLEGATIONS RELEVANT TO ADDITIONAL DEFENSES

21. MSDW, which is a stakeholder in this context, recognizes that it is possible that Petitioners may be entitled to the relief sought pursuant to the Petition.

22. Before the Court can grant such relief, however, all interested parties should have an opportunity to be heard, including the United States of America, which has asserted a competing claim to the assets at issue, and the Court is respectfully requested to:

(a) first determine whether the turnover relief sought by Petitioners is precluded by the Stay Pending Appeal and/or any other orders or rulings by the United States District Court for the Northern District of Texas and/or the United States Court of Appeals for the Fifth Circuit in *United States of America v. Holy Land Foundation for Relief and Development*, CRIM No: 3:04-CR-0240-P (the "Texas Federal Court Litigation"); and

(b) if the Court determines that the Stay Pending Appeal and/or the other orders or rulings in the Texas Federal Court Litigation do not preclude turnover relief, the Court is respectfully requested to adjudicate the issues presented by Petitioners' request for relief under TRIA; the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1601 et seq. (the "FSIA"); Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to, *inter cilia,* IEEPA and the UNPA; 21 U.S.C. § 853 (the

5

Criminal Forfeiture Statute) and any relevant regulations or designations issued by OFAC;

(c) if the turnover sought by Petitioners is granted, enter an order pursuant to CPLR § 5209 discharging MSDW from liability to HLF as its depositor in its capacity as a judgment debtor, within the meaning of CPLR § 5209, and further discharging MSDW from liability to any and all other parties for any levy, execution or turnover of HLF blocked deposits made pursuant to the Court's order; and

### FOR ITS FIRST AFFIRMATIVE DEFENSE

23. The Petition fails to state a claim for relief against MSDW.

### FOR ITS SECOND AFFIRMATIVE DEFENSE

24. MSDW was not served with a summons in this matter; accordingly, the Court does not have jurisdiction over MSDW because the Petitioner did not serve process on MSDW.

### FOR ITS THIRD AFFIRMATIVE DEFENSE

25. The turnover relief sought by the Petitioners is or may be barred by the Stay Pending Appeal and/or other rulings or orders in the pending proceedings in the Texas Federal Court Litigation, including without limitation the restraining order issued for the preservation of assets titled in HLF's name that are potentially subject to forfeiture.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

26. The writ of execution which Petitioners seek to enforce pursuant to CPLR

§§ 5225 and 5227 expired when it was not renewed by further order of the Court within sixty (60) days after levy.

### FOR ITS FIFTH AFFIRMATIVE DEFENSE

27. No proof of service of the Petition on HLF has been filed with the Court, nor is there any filing with the Court as to the delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

### FOR ITS SIXTH AFFIRMATIVE DEFENSE

28. No proof of service on the judgment debtor, as required by CPLR §§ 5225(a) and 5227, has been filed with the Court.

### FOR ITS SEVENTH AFFIRMATIVE DEFENSE

29. While Petitioners rely on Section 201 of TRIA, they have alleged in their Petition some but not all of the elements required to be established by them as a predicate for issuance by the Court of any order authorizing execution against or turnover of the blocked HLF deposits with MSDW, including, without limitation, allegations and a factual showing permitting a determination by the Court:

    (a) that the judgment sought to be enforced is (i) against a terrorist party on a claim based on an act of terrorism; or (ii) based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

    (b) that the amount in respect of which execution is sought, including interest and any poundage, is solely for compensatory damages in respect of which the terrorist party has been adjudged liable;

    (c) that the HLF is an "agency or instrumentality" of a terrorist party

within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS;

(d) that, in respect of any judgment entered against a terrorist party by default, a copy of such default judgment was served on the party in a manner provided by applicable law; and

(e) that the Petition was served upon the judgment debtor in a manner provided by applicable law.

### FOR ITS EIGHTH AFFIRMATIVE DEFENSE

30. Pursuant to Executive Order 12947 and Executive Order 13224, both as amended, and pursuant to the Regulations and designations issued by OFAC thereunder, MSDW is prohibited from transferring any assets held by it, if any, in which HLF has an interest, except pursuant to a license issued by OFAC. Accordingly, as set forth above, in order to be entitled to the relief sought herein, Petitioners must establish, and this Court must adjudicate, that TRIA overrides the referenced OFAC Regulations and designations.

### FOR ITS NINTH AFFIRMATIVE DEFENSE

31. The proceeding is barred by the provisions of 21 U.S.C. § 853(k).

### FOR ITS TENTH AFFIRMATIVE DEFENSE

32. The relief sought in the petition herein is barred in whole or in part by the doctrine of *res judicata*.

### FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

33. The instant proceeding should not proceed in this jurisdiction as a matter of comity and judicial efficiency in light of the pending Texas Federal Court Litigation.

## AS AND FOR ITS TWELFTH AFFIRMATIVE DEFENSE

34.     The petitioners in *Estate of Unger v. Morgan Stanley/Morgan Stanley DW, Inc. et al.*, No. 05-cv-0371 (RWS) have asserted a claim to the assets that are the subject of the instant proceeding and have issued writes of execution and restraining notices in furtherance thereof. While the Ungar petitioners have proposed to dismiss their Petition, the Ungar proceedings have not yet been dismissed, and MSDW cannot turned over the assets at issue to both groups of petitioners.

**WHEREFORE**, Respondent Morgan Stanley DW, Inc. respectfully requests that the Court dismiss this action or, alternatively, stay the action pending resolution of the Texas Federal Court Litigation and, in the event this action is not dismissed or stayed, enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by MSDW, and if the Court does order execution or turnover, determine in its order:

(a)     the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and the identity of any judgment creditor to whom the turnover is granted;

(b)     whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c)     whether the amount of each judgment as to which execution is ordered,

including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(d) whether, in respect of each judgment entered against a terrorist party by default, (i) HLF was sufficiently on notice of the proceedings giving rise to the findings of fact made against it such that the requirements of due process have been satisfied; and (ii) a copy of such default judgment was sent to the judgment debtor in a manner provided for by applicable law;

(e) whether, to the extent that MSDW is ordered to turn over any amount representing a deposit debt owed to HLF, MSDW, pursuant to CPLR § 5209, is discharged from any and all obligations or liabilities to HLF, as a judgment debtor within the meaning of CPLR § 5209, or to any other person to the full extent of the payment;

(f) whether Morgan Stanley is entitled to other and further relief, including an award of attorneys' fees and the costs of this proceeding.

Dated: New York, New York
October 31, 2011

KREBSBACH & SNYDER, P.C.

By: _____
Theodore R. Snyder (TRS-6376)

One Exchange Plaza
55 Broadway, Suite 1600
New York, New York 10006
Tel: (212) 825-9811

Fax: (212) 825-9828

Attorneys for Respondent
Morgan Stanley DW, Inc.