UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

JENNY RUBIN, DEBORAH RUBIN, DANIEL
MILLER, ABRAHAM MENDELSON,
STUART HERSH, RENAY FRYM, NOAM
ROZENMAN, ELENA ROZENMAN, and TZVI
ROZENMAN,

        Petitioners/Judgment-Creditors,

-against-

HAMAS – ISLAMIC RESISTANCE
MOVEMENT (a.k.a. "Harakat Al-Muqawama
Al- Islamiyya")

        Judgment-Debtor,

-and-

JPMORGAN CHASE BANK, N.A., HSBC
BANK, U.S.A., N.A., CITIBANK, N.A., and
MORGAN STANLEY DW, INC.,

        Respondents/Garnishees.

---------------------------------x

11-mc-00039-P1

ANSWER OF RESPONDENT
JPMORGAN CHASE BANK, N.A.
TO THE PETITION FOR
TURNOVER

## ANSWER OF RESPONDENT JPMORGAN CHASE BANK, N.A. TO THE PETITION FOR TURNOVER

JPMorgan Chase Bank, N.A. ("JPM Chase"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows for its answer to the Petition for Turnover ("Petition"):

**Allegations as to the Underlying Judgment**

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Petition.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Petition. To the extent that the allegations contained

in paragraph 2 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and refers to the judgment rendered by the U.S. District Court for the District of Columbia and cited in paragraph 3 for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 3 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5. To the extent that the allegations contained in paragraph 5 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

### Allegations as to the Blocking of Assets Belonging to HAMAS' Agencies and Instrumentalities

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except refers to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.* ("IEEPA") for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 6 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, except refers to Executive Order 12947, as amended by

Executive Order 13099, 63 Fed. Reg. 45167, and Executive Order 13372, 70 Fed. Reg. 8499, for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 7 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, except refers to Executive Order 13224, as amended by Executive Order 13268, 67 Fed. Reg. 44751, Executive Order 13284, 68 Fed. Reg. 4075, and Executive Order 13372, 70 Fed. Reg. 8499, for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 8 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except refers to Executive Orders 12947 and 13324, as amended, to the case referred to in paragraph 9, *Holy Land Foundation v. Ashcroft*, 219 F. Supp. 2d 57 (D.D.C. 2002) ("*Holy Land v. Ashcroft*"), and to the Blocking Notice (the "Blocking Notice") issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 9 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, except refers to the opinions of the District Court and the Court of Appeals for the District of Columbia in *Holy Land v. Ashcroft*, 219 F. Supp. 2d 57 (D.D.C. 2002), and 333 F.3d 156 (D.C. Cir. 2003), for the terms, conditions, and effects thereof.

To the extent that the allegations contained in paragraph 10 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

### Allegations as to TRIA and HLF Blocked Assets

11. Paragraph 11 consists of quotations from Section 201(a) of the Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA"), to which JPM Chase need not respond.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, except refers to the opinion of the U.S. District Court for the District of Columbia in *Hill v. Republic of Iraq*, 2003 WL 21057173 (D.D.C. 2003), for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 12 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except refers to the opinion of the U.S. District Court for the Southern District of New York in *Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y. 2006), for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 13 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, except refers to Section 201(d)(4) of TRIA for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 14

purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, except refers to Section 201 of TRIA and the opinion of the U.S. District Court for the Southern District of New York in *Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y. 2006), for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 15 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, including the footnotes thereto, except refers to Sections 201(d)(1) and 201(d)(4) of TRIA for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 16 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, including the footnote thereto, except refers to Executive Orders 12947 and 13224 and Section 201(d)(2) of TRIA for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 17 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, except refers to the opinion of the U.S. District Court for the District of Rhode Island in *Ungar v. Palestinian Authority*, 304 F. Supp. 2d 232 (D.R.I. 2001), for the terms, conditions, and effects thereof. To the extent that the allegations contained

in paragraph 18 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

**Allegations as to Blocked Assets of the HLF in the Possession of Respondents/Garnishees**

19. Admits the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20. To the extent that the allegations contained in paragraph 20 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

**As and For a First Affirmative Defense**

21. Petitioners did not serve process on JPM Chase because Petitioner failed to serve JPM Chase with a summons.

**As and For a Second Affirmative Defense**

22. No proof of service of the Petition on HLF has been filed with the Court, nor is there any filing with the Court as to the delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

**As and For a Third Affirmative Defense**

23. No proof of service on the judgment debtor, HAMAS, as required by C.P.L.R. §§ 5225(a) and 5227, has been filed with the Court.

**As a For a Fourth Affirmative Defense**

24. The Petition fails to state a claim upon which relief can be granted for the reason, among others, that JPM Chase does not hold any property in the name of, or owe a deposit or other debt to, judgment debtor HAMAS within the meaning of CPLR § 5201 or Section 134 of the Banking Law of the State of New York.

### As and For a Fifth Affirmative Defense

25. Pursuant to Executive Order 12947 and Executive Order 13224, both as amended, and pursuant to the regulations and designations issued by OFAC thereunder, JPM Chase is and has been prohibited from transferring any assets it holds in which HLF has an interest, except pursuant to a license issued by OFAC.

### As and For a Sixth Affirmative Defense

26. In connection with the litigation pending in the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, ancillary to *United States v. Holy Land Foundation for Relief and Development*, No. 04-cr-00240-P, the United States has asserted that it is entitled to forfeiture of the HLF's property pursuant to the principles of criminal forfeiture under 21 U.S.C. § 853, including the property held by JPM Chase, and that its right takes precedence over the rights of Petitioner under TRIA. While the district court issued an order "allowing the Rubin Petitioners to prosecute their claim to attach the blocked assets of HLF," *Holy Land Foundation*, 04-cr-00240-P (Aug. 19, 2011), the United States has taken an appeal of that decision, and the district court issued a stay of execution pending appeal. *Id.* In light of the district court's decision, the instant Petition is arguably in violation of the stay issued by the district court. On October 25, 2011, the United States filed a motion in the Texas proceeding seeking clarification of the district court's stay order which seeks a ruling definitively staying proceedings in this Court.

### As and For a Seventh Affirmative Defense

27. The petitioners in *Estate of Ungar v. Morgan Stanley/Morgan Stanley DW, Inc., et al.*, No. 05-cv-03710(RWS), who filed a petition for turnover in this Court in aid of execution of a judgment against HAMAS in 2005, have asserted a claim to the HLF blocked accounts and

issued writs of execution and restraining notices in furtherance thereof. While the Ungar petitioners have proposed a dismissal of their Petition, the Ungar proceedings, which have been pending before the Hon. Robert W. Sweet, U.S.D.J., since 2005, have not yet been dismissed, and JPM Chase cannot turn over the blocked accounts to both groups of petitioners.

## JPM Chases' First Counterclaim

28. JPM Chase repeats and realleges its responses to paragraphs 1 to 27 hereof.

29. JPM Chase is entitled either to judgment in its favor denying Petitioners' Prayer for Relief or, in the alternative, to judgment determining as follows in respect of Petitioners' claim for turnover:

(a) the specific identification of any blocked funds being made subject to attachment, attachment in aid of execution, execution, or turnover, the account of blocked funds, if any, to be turned over pursuant to any execution or turnover order, and the identity of the party, if any, to whom such turnover is to be made;

(b) that the blocked funds against which turnover is ordered consist of the blocked property of HLF, and that TRIA allows the blocked property to be executed against to satisfy a judgment against the judgment debtors for compensatory damages, irrespective of whether it would otherwise be immune from attachment, attachment in aid of execution, or execution;

(c) that each judgment as to which turnover is ordered is (i) against HLF as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to IEEPA and the UNPA, or

(ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(d) that HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS;

(e) that the amount of each judgment as to which turnover is ordered, including interest and any poundage, is solely responsible for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as Section 201(a) of TRIA only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(f) that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to the party in a manner provided by C.P.L.R. §§ 5225(a) and 5227, (ii) Petitioners served the judgment debtors in accordance with C.P.L.R. §§ 5225(a) and 5227, and (iii) a reasonable period of time has elapsed following entry of said judgments and the giving of any notice to the judgment debtors required under C.P.L.R. §§ 5225(a) and 5227;

(g) that the Petition was served upon the judgment debtor in a manner provided by applicable law;

(h) that, to the extent TRIA is not relied upon, any turnover has been licensed by OFAC, and the blocked funds against which turnover is ordered consisted of blocked property of a judgment debtor or property in which a judgment debtor has an attachable or executable property interest within the meaning of New York attachment and execution law, and is not immune from execution within the meaning of the Foreign Sovereign Immunities Act of 1976 or

of the Vienna Convention on Diplomatic Relations or of the Vienna Convention on Consular Relations;

(i)     that the blocked funds against which turnover is ordered do not consist of blocked property in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(j)     that the claim of Petitioners for execution against the property held by JPM Chase pursuant to TRIA takes precedence over the claim of the United States to subject that property to criminal forfeiture, whether as determined in the proceedings pending in the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, or otherwise;

(k)     that, upon compliance by JPM Chase with any order of turnover, JPM Chase is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and 6204 from any further liability or obligation to HLF or any other party in respect of any amount so turned over, and further discharged in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition; and

(l)     that, to the extent JPM Chase is ordered to hold, pending further order of the Court, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit debt owed to the judgment debtors or an agency or instrumentality thereof, JPM Chase shall be fully discharged pursuant to N.Y. C.P.L.R. §§ 5209 and 6204, as applicable, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition, from any and all obligations or liabilities to

HLF, to the agency or instrumentality of HLF otherwise entitled to the deposit, or to any other party to the full extent of such amount so held subject to further order of the Court, or paid over to the registry of the Court.

### JPM Chase's Second Counterclaim

30. JPM Chase repeats and realleges its responses to paragraphs 1 to 29 hereof.

31. JPM Chase is entitled to judgment in its favor awarding JPM Chase its costs and the reasonable attorneys fees incurred in responding to Petitioners' enforcement efforts, any such amount to be awarded out of any amount turned over pursuant to a judgment entered under TRIA in Petitioners' favor, as well as such other and further relief as may be appropriate.

### Prayer for Relief

WHEREFORE, JPM Chase prays that the Court issue an Order denying Petitioners' Prayer for Relief or, in the alternative, issue an Order determining in respect of Petitioners' claim for turnover the items listed in paragraph 29 hereof. JPM Chase also prays that the Court issue an Order awarding JPM Chase its costs and the reasonable attorneys fees incurred in responding to the Petitioners' enforcement efforts, as well as such other and further relief as may be appropriate.

Dated: New York, New York
October 31, 2011

DAVIS POLK & WARDWELL LLP

By: _____
James L. Kerr

**Of Counsel**
Karen E. Wagner
Lauren B. Schorr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent
JPMorgan Chase Bank, N.A.*