UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JENNY RUBIN, DEBORAH RUBIN, DANIEL MILLER, ABRAHAM MENDELSON, STUART HERSH, RENAY FRYM, NOAM ROZENMAN, ELENA ROZENMAN, and TZVI ROZENMAN,

    Petitioners/Judgment-Creditors,

- against -

HAMAS – ISLAMIC RESISTANCE MOVEMENT (a.k.a. "Harakat Al-Muqawama Al-Islamiyya"),

    Judgment-Debtor,

- and -

JP MORGAN CHASE BANK, N.A., HSBC BANK, U.S.A., N.A., CITIBANK, N.A., and MORGAN STANELY DW, INC.,

    Respondents/Garnishees.

------------------------------------------------------------x

Case No.: 11-mc-00039-PI

## ANSWER OF RESPONDENT CITIBANK, N.A.'S TO PETITION FOR TURNOVER

Respondent/Garnishee Citibank, N.A., by its undersigned attorneys Davis Wright Tremaine LLP, alleges as follows for its answer to the Petition for Turnover ("Petition"):

### Allegations as to the Underlying Judgment

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

### Allegations as to the Blocking of Assets Belonging to HAMAS Agencies and Instrumentalities

6.  States that the allegations in paragraph 6 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the International Emergency Economic Powers Acts, 50 U.S.C. § 1701 *et seq.* referenced in paragraph 6 for the complete and exact content thereof.

7.  States that the allegations in paragraph 7 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the Executive Orders referenced in paragraph 7 for the complete and exact contents thereof.

8.  States that the allegations in paragraph 8 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the Executive Orders referenced in paragraph 8 for the complete and exact contents thereof.

9.  States that the allegations in paragraph 9 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinion and the Blocking Notice issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") referenced in paragraph 9 for the complete and exact contents thereof.

10. States that the allegations in paragraph 10 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinions referenced in paragraph 10 for the complete and exact contents thereof.

### Allegations as to TRIA and HLF Blocked Assets

11. States that the allegations in paragraph 11 constitute legal conclusions as to which

no response is required, and respectfully refers to Court to the Terrorism Risk Insurance Act of 2002 ("TRIA") (Pub Law 107-297-116 Stat. 2332) referenced in paragraph 11 for the complete and exact contents thereof.

12. States that the allegations in paragraph 12 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinion referenced in paragraph 12 for the complete and exact content thereof.

13. States that the allegations in paragraph 13 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinion referenced in paragraph 13 for the complete and exact content thereof.

14. States that the allegations in paragraph 14 constitute legal conclusions as to which no response is required, and respectfully refers to Court to the provisions of TRIA referenced in paragraph 14 for the complete and exact contents thereof.

15. States that the allegations in paragraph 15 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinion referenced in paragraph 15 for the complete and exact content thereof.

16. States that the allegations in paragraph 16 constitute legal conclusions as to which no response is required, and respectfully refers to Court to the provisions of TRIA referenced in paragraph 16 for the complete and exact contents thereof.

17. States that the allegations in paragraph 17 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the Executive Orders and provisions of TRIA referenced in paragraph 17 for the complete and exact contents thereof.

18. States that the allegations in paragraph 18 constitute legal conclusions as to which no response is required, and respectfully refers the Court to the opinion referenced in

paragraph 18 for the complete and exact content thereof.

### Allegations as to the Blocked Assets of the HLF in the Possession of Respondents/Garnishees

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 as to other Respondents/Garnishees and admits the allegations as to Citibank.

20.     States that the allegations in paragraph 20 constitute legal conclusions as to which no response is required.

### Affirmative Defenses

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on Petitioners, Citibank, N.A. asserts the following affirmative and other defenses with respect to the Petition.

### For Its First Affirmative Defense

Pursuant to Executive Order 12947 and Executive Order 13224 (as amended) and pursuant to the regulations and designations issued by OFAC thereunder, including the directive of the Director of OFAC, Citibank, N.A., is and has been prohibited from transferring any assets held in which HLF has an interest, except pursuant to a license issued by OFAC.  Accordingly, in order to be entitled to relief sought herein, Petitioners must establish, and the Court must adjudicate, that TRIA overrides the referenced OFAC regulations and designations.

### For Its Second Affirmative Defense

Petitioners have failed to properly serve or name as parties to these proceedings all interested or necessary parties, including other persons who have or may have claims or an interest in the blocked HLF funds.

### For Its Third Affirmative Defense

This proceeding, and the relief sought herein, is or may be stayed by the August 19, 2011 Order issued by Hon. Jorge A. Solis in *United States of America v. Holy Land Foundation for Relief and Development et al.* – 3:04-CR-0420-P pending in the Northern District of Texas. Determination of this issue is before that Court which should address it in the first instance. *See* Exhibit A.

### For Its Fourth Affirmative Defense

The turnover relief sought by the Petitioners is or may be barred, in whole or in part by the litigation pending in the Northern District of Texas and the Court of Appeals for the Fifth Circuit ancillary to *United States v. Holy Land Foundation for Relief and Development*, No. 04-cr-00240, regarding whether the principles of criminal forfeiture under 21 U.S.C. § 853 take precedence over the rights of Petitioners under TRIA.

### For Its Fifth Affirmative Defense

No proof of service on the judgment debtor HAMAS, as regulated by CPLR §§ 5225(a) and 5227, has been filed with the Court.

### For Its Sixth Affirmative Defense

No proof of service on the judgment debtor, as required by CPLR §§ 5225(a) and 5227, has been filed with the Court, nor is there any filing with the Court as to delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

### For Its Seventh Affirmative Defense

Petitioners must demonstrate that the HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS.

### For Its Eighth Affirmative Defense

The Petition fails to state a claim upon which relief can be granted for the reason, among others, that Citibank does not hold any property in the name of, or owes a deposit or other debt to, judgment debtor HAMAS within the meaning of CPLR § 5201 or Section 134 of the Banking Law of the State of New York.

### For Its Ninth Affirmative Defense

In *Ungar v. Morgan Stanley/Morgan Stanley DW, Inc.*, No. 05-CV-03710 (RWS) the petitioners therein asserted entitlement to the same assets at issue here to satisfy a judgment against HAMAS. That case remains pending before Hon. Robert W. Sweet and Citibank cannot be expected to pay the blocked funds to both group of petitioners.

### For Its Tenth Affirmative Defense

Petitioners did not serve process on Citibank because it failed to serve it with a summons.

WHEREFORE, Respondent Citibank, N.A. respectfully requests that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by Citibank, N.A., and if the Court does order execution or turnover, determine in its order:

(a) the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and to whom the turnover is granted;

(b) whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c) that the amount of each judgment as to which turnover is ordered is solely

responsible for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as Section 201(a) of TRIA only permits execution upon blocked asserts in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable;

(d) that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to a foreign state in a manner provided by C.P.L.R. §§ 5225(a) and 5227, (ii) Petitioners served the judgment debtors in accordance with C.P.L.R. §§ (5225(a) and 5227, and (iii) a reasonable period of time has elapsed following entry of said judgments and the giving of any notice to the judgment debtors required under C.P.L.R. §§ 5225(a) and 5227;

(e) that the Petition was served upon the judgment debtor in a manner provided by applicable law;

(f) that the blocked funds against which turnover is ordered do not consist of blocked property in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(g) that Petitioners' claim to the property held by Citibank, N.A. pursuant to TRIA takes precedence over the claim of the United States to property that is subject to criminal forfeiture;

(h) that, to the extent Citibank, N.A. is ordered to hold, pending further order of the Court, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked

7

deposit debt owed to the judgment debtors or an agency or instrumentality thereof, Citibank, N.A. shall be fully discharged pursuant to N.Y.C.P.L.R. §§ 5209 and 6204, as applicable, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants from any and all obligations or liabilities to HLF, to the agency or instrumentality of HLF otherwise entitled to the deposit, or to any other party to the full extent of such amount so held subject to further order of the Court, or paid over to the registry of the Court;

(i) whether, to the extent that Citibank, N.A. is ordered to turn over any amount, upon compliance of any such order, Citibank, N.A. is and shall be discharged from any and all obligations or liabilities to HLF, as a judgment debtor within the meaning of CPLR §§ 5209 and 6204, or to any other person to the full extent of the payment; and

(j) whether Citibank, N.A. is entitled to other and further relief, including an award of attorneys' fees and the costs of this proceeding.

Dated: New York, New York
October 31, 2011

DAVIS WRIGHT TREMAINE LLP

By: /s/ Sharon Sch
Sharon L. Schneier (SS 1151)
1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for Respondent/Garnishee
Citibank, N.A.*

8

## CERTIFICATE OF SERVICE

I, Sharon L. Schneier, hereby certify that on the 31[th] day of October, 2011, I caused to be served by first class mail, a true and correct copy of the accompanying Response to Petition Pursuant to CPLR 5225 and 5227 upon the following:

James L. Kerr, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
*Attorneys for Respondent-Stakeholder
and Third-Party Petitioner
JP Morgan Chase Bank, N.A. and
Respondent J.P. Morgan Chase & Co.*

Michael R. Mendola
HSBC Bank USA, N.A.
Vice-President & Senior Legal Counsel
 General Counsel's Office
Buffalo, New York  14203
*Attorneys for Respondent HSBC Bank U.S.A., N.A.*

Robert Tolchin
The Berkman Law Office, LLC
111 Livingston Street
Brooklyn, New York 11201
*Attorney for the Petitioners/Judgment Creditors*

Theodore R. Snyder
Krebsbach & Snyder, PC
55 Broadway, Suite 1600
New York, New York  10006
*Attorneys for Respondent Morgan Stanley DW, Inc.*

_____
SHARON L. SCHNEIER