IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:04-CR-240-P |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | ECF |
| also known as the "HLF" | § | |
| SHUKRI ABU BAKER (2) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

**GOVERNMENT'S MOTION SEEKING CLARIFICATION OF THIS COURT'S ORDER OF STAY PENDING APPEAL AND COMPLIANCE WITH THE RESTRAINING ORDER**

On September 16, 2011, counsel for the Rubins notified this Court and the Government that they had initiated collection proceedings against Holy Land Foundation assets in the Southern District of New York. Efforts to amicably resolve the issue have failed and the Government now requests that the Court clarify its prior Orders so that all parties will have a clear understanding of their duties and obligations.

### Background

The funds at issue are currently restrained in New York due to an interpleader action filed in 2004 when the Ungars sought to collect on HLF funds that were restrained pursuant to an Order from this Court. On February 10, 2011, the default judgment which

formed the basis of the Ungars' claims was vacated. However, the Ungars attorneys–who also represent the Rubins–did not immediately take steps to dismiss the Ungars lawsuits.[1] Instead, five days after the Ungars judgment was vacated, they registered the Rubin's default judgment in New York. (*See* SDNY civil docket number 1:11-MC-00039-P1). This registration took place more than six years after the indictment and restraining order were issued. It is also *after* the Rubins had already submitted to the jurisdiction of this Court for a decision as to the ownership of the same property. Even after registering their judgment, the Rubins' attorneys did not initiate litigation but merely renewed the registration while this Court deliberated about the ownership of the property. Now, seven months after the registration, the Rubins' attorneys suddenly seek to initiate duplicate proceedings in New York to litigate the same ownership issues this Court has already decided.

## Argument

There are numerous reasons why the Rubins should not be permitted to initiate a new action against HLF property in New York after submitting to the jurisdiction of this Court. First, the suit is contrary to the restraining Order which Chief District Court Judge A. Joe Fish issued on September 24 for the preservation of assets titled in HLF's name which are potentially subject to forfeiture. (Doc. #85) That Order is still in effect and has

---

[1] The Government informed this Court of that fact when counsel for the Ungars and Rubins failed to do so. (*See* Doc. #1472).

Government's Motion for Clarification & Compliance
(Holy Land Foundation, et. al.) - Page 2

not been rescinded pending the present appeal. Proceeding as they are, counsel for the Rubins will force another interpleader action that will draw the banks into additional unnecessary litigation. Without that litigation, steps could be taken to transfer the funds into the registry of this Court pending the current appeals. That consolidation would remove the banks from all proceedings and eliminate any need for them to expend additional resources on these matters. It would also prevent litigation in New York of identical issues that this Court has decided and preserve the status quo by ensuring that neither the Government nor the Rubins have possession of the funds.

Second, permitting new litigation while the current appeal is pending also contravenes 21 U.S.C. § 853(k) which bars the initiation of new actions to eliminate conflicting jurisdiction and duplicitous litigation. In its *en banc* decision, the Fifth Circuit has already ruled that 853(k) is to be applied to this case because it does not bar TRIA claimants from obtaining the property.[2] Rather, the court reasoned, 853(k) merely designates the forum where the claimants have to litigate their claim and the timing of that litigation. *Id.*

Third, new litigation undermines this Court's Order granting a stay pending appeal. The Court ordered a stay because it favored "maintaining the status quo during

---

[2] *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 479 (5th Cir. 2007). For a more in-depth discussion of 21 U.S.C. § 853(k), see Document #1308, Section III. B. (p. 46-54) and Section I (p. 19-25).

Government's Motion for Clarification & Compliance
(Holy Land Foundation, et. al.) - Page 3

appeal[]" since the case "involves a complicated and serious legal issue of first impression that could be rationally resolved in the Government's favor on appeal." (Docket #1502, p. 3-4). The Rubins' new action seeks to upset that status quo. For years, the Rubins have properly confined themselves to litigating before this Court and have not initiated any action in New York. For seven months, they have registered their default judgment without provoking litigation. Yet now, their attorneys suddenly deem it necessary to change the status quo.

Finally, as this Court noted when it issued the stay, any attempt to re-litigate who is entitled to the funds in HLF's name "would not only be inefficient, it may be barred by *res judicata*." The Rubins' filings indicate that their attorneys intend to do just that. Yet, instead of viewing the Court's comments as a caution against new litigation, counsel for the Rubins have taken the position that this Court's Order inherently contemplated and authorized further litigation because it went on to direct them to notify the Court if any litigation was initiated. As the issue is now ripe for review, the Government respectfully requests that the Court clarify whether the new litigation is authorized. If it is not, the Government would then request that this Court use its undisputed personal jurisdiction over the Rubins and their attorneys to enjoin them from initiating any new litigation.[3]

---

[3] This Court's personal jurisdiction is discussed in Document #1308, Section III. C. (p. 55-56).

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney
Texas State Bar No. 24038115
1100 Commerce, Third Floor
Dallas, Texas 75242-1699
Telephone:   (214) 659-8630
Facsimile:   (214) 659-8803
Walt.Junker@USDOJ.Gov

## CERTIFICATE OF CONFERENCE

I certify that on October 24, 2011, I spoke with David J. Strachman, counsel for both the Ungars and the Rubins regarding the what is occurring in New York. After he consulted with attorney Robert J. Tolchin–who represents the Rubins in the New York collection proceedings–Mr. Strachman informed me on October 25, 2011 that they will still proceed with collection proceedings there. Given their position, counsel for the Rubins will be opposed to this motion in its entirety.

s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on October 25, 2011 true and correct copies of this Motion were served on counsel of record by electronically filing the pleading with the clerk of court for the U.S. District Court, Northern District of Texas using the ECF system.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney

Government's Motion for Clarification & Compliance
(Holy Land Foundation, et. al.) - Page 6