UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JENNY RUBIN, DEBORAH RUBIN, DANIEL
MILLER, ABRAHAM MENDELSON,
STUART HERSH, RENAY FRYM, NOAM
ROZENMAN, ELENA ROZENMAN, and TZVI
ROZENMAN,

          Petitioners/Judgment
          Creditors,

-against-

HAMAS – ISLAMIC RESISTANCE
MOVEMENT (a.k.a. "Harakat Al-Muqawama
Al- Islamiyya")

          Judgment-Debtor,

-and-

JPMORGAN CHASE BANK, N.A., HSBC
BANK, U.S.A., N.A., CITIBANK, N.A., and
MORGAN STANLEY DW, INC.,

          Respondents/Garnishees.

11-MC-00039-P1

AMENDED THIRD-PARTY
PETITION ALLEGING
CLAIMS IN THE NATURE
OF INTERPLEADER



---------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,

          Garnishee-Respondent and
          Third-Party Petitioner,

-against-

THE HOLY LAND FOUNDATION, JENNY
RUBIN, DEBORAH RUBIN, DANIEL
MILLER, ABRAHAM MENDELSON,
STUART HERSH, RENAY FRYM, NOAM
ROZENMAN, ELENA ROZENMAN, and TZVI
ROZENMAN, and ERIC HOLDER, in his
capacity as the Attorney General of the United
States of America,

          Adverse Claimants-
          Respondents.

---------------------------------------------------------------x

## AMENDED THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER

JPMorgan Chase Bank, N.A. ("JPM Chase"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows in support of its Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third-Party Petition"), upon actual knowledge as to itself and its own acts, and upon information and belief as to all other matters:

1. JPM Chase does not hold property in the name of, or owe any deposit debt to, HAMAS, the judgment debtor. JPM Chase does, however, hold blocked deposits standing to the credit of Holy Foundation for Relief and Development ("HLF"), which Petitioners allege is an "agency or instrumentality" of HAMAS within the meaning of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at U.S.C. § 101 note ("TRIA"). The HLF blocked deposits were blocked pursuant to regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") pursuant to the Secretary of Treasury's determinations under Executive Order 13224, as amended by Executive Order 13268, 67 Fed. Reg. 44751, Executive Order 13284, 68 Fed Reg. 4075, and Executive Order 13372, 70 Fed. Reg. 8499, which concluded that the HLF "acts for or on behalf of" HAMAS and designated HLF as a Specially Designated Terrorist ("SDT") and a Specially Designated Global Terrorist ("SDGT"). In its turnover petition, filed on or around September 16, 2011 (the "Turnover Petition"), Petitioners seek a court order directing JPM Chase to turn over to Petitioner funds held in HLF blocked against in satisfaction of their judgment against HAMAS.

2. The attempt by Petitioners to enforce a judgment that they hold against HAMAS by executing against blocked deposits standing to the credit of HLF represents an adverse claim against the blocked HLF deposits within the meaning of Section 5239 of New York's Civil

Practice Law and Rules (as made applicable to this proceeding by Rule 69 of the Federal Rules of Civil Procedure), as amplified by Section 134 of the Banking Law of the State of New York.

3. Attorney General Eric Holder, in his capacity as the Attorney General of the United States, in the context of the litigation pending in the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, ancillary to *United States v. Holy Land Foundation for Relief and Development*, No. 04-cr-00240-P, has asserted that it is entitled to forfeiture of the HLF's property pursuant to the principles of criminal forfeiture under 21 U.S.C. § 853, including the accounts held by JPM Chase that are subject to the claims of the Rubins and Ungars as alleged above. The United States, therefore, also is an adverse claimant or interested party in respect of the blocked deposits referred to above within the meaning of Section 5239 of New York's Civil Practice Law and Rules and Section 134 of New York's Banking Law.

4. Because it is a disinterested, neutral stakeholder in respect of such blocked deposits, which have also been subject since August 2005 to orders of execution and restraining notices issued in connection with The Estate of Ungar v. Morgan Stanley/Morgan Stanley DW, Inc., 05 Civ. 3710 (RWS), JPM Chase seeks to place all claimants to the blocked HLF deposits on notice of the claim being asserted by Petitioners, and to thereby avoid the risk of inconsistent judgments and double or multiple liability. Accordingly, JPM Chase seeks to interplead all Adverse Claimants-Respondents pursuant to Rule 22 of the Federal Rules of Civil Procedure, Sections 5239 and 6221 of New York's Civil Practice Laws and Rules, and Section 134 of New York's Banking Law.

## Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. § 1332 because Petitioners have alleged a claim under TRIA, and are seeking to enforce a judgment entered under the civil

provisions of the Antiterrorism Act, 18 U.S.C. § 2333. This Court has jurisdiction over this proceeding to resolve adverse claims to deposit debts owed by JPM Chase to HLF, an entity alleged to be an agency or instrumentality of HAMAS, because the proceeding initiated by Petitioners giving rise to the Third-Party Petition seeks turnover of the same HLF deposit debts as the criminal forfeiture proceeding initiated by the United States, and arises under the Constitution, laws or treaties of the United States. This Court also has jurisdiction over this proceeding under 28 U.S.C. § 1346(a)(2), by reason of the fact that this proceeding is in the nature of a civil action brought against the United States that is based upon the Constitution, laws or treaties of the United States, or upon Executive Orders issued by the President, or the regulations issued by an executive department. This Court furthermore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims that are so-related to claims in the proceeding within the Court's original jurisdiction that they form part of the same case or controversy. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, proceedings supplemental to and in aid of execution, such as a proceeding to determine adverse claims under C.P.L.R. § 5239, are to be in accordance with the practice and procedure of the State in which the district court is held, subject to any applicable statute of the United States.

6. Venue in respect of the Third-Party Petition is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (e) because a substantial part of the property that is subject to this third-party proceeding is situated in this district.

**Background**

7. Petitioners seek to enforce a judgment for compensatory damages originally issued in the amount of $214,500,000 against the Judgment Debtor HAMAS. Judgment was entered in the U.S. District Court for the District of Columbia by default judgment based on allegations of terrorism that included severe injuries to Petitioners caused by a triple suicide bombing carried

4

out by HAMAS on September 4, 1997, in Jerusalem, Israel. This judgment was thereafter registered in this Court under the above-listed caption.

8. In September 2004, at the request of Petitioners, the U.S. Marshal served a writ of execution on JPM Chase in an effort to satisfy the judgment by seeking execution pursuant to TRIA against any property of HAMAS or any of its agencies or instrumentalities that have been blocked pursuant to Executive Order 13224, as amended by Executive Order 13268, 67 Fed. Reg. 44751, Executive Order 13284, 68 Fed Reg. 4075, and Executive Order 13372, 70 Fed. Reg. 8499.

9. On or around September 16, 2011, Petitioners filed the Turnover Petition, which targets for turnover the blocked deposit accounts held by JPM Chase standing to the credit of HLF, which Petitioners allege to be an "agency or instrumentality" of HAMAS within the meaning of TRIA.

10. Section 201(a) of TRIA provides as follows:

"[I]n every case in which a person has obtained a judgment against a terrorist party or a claim based on an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, <u>the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution</u> in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." (Emphasis added.)

### The Parties

11. Garnishee-Respondent and Third-Party Petitioner JPM Chase is a national banking association incorporated under the laws of the United States that maintains its head office at 1111 Polaris Parkway, Columbus, Ohio, and that maintains a branch office at 270 Park Avenue in the City and State of New York. JPM Chase maintains the blocked deposit accounts that are

the subject of the Turnover Petition and against which Petitioners have directed the U.S. Marshal to levy a writ of execution.

12. Petitioners and Adverse Claimant-Respondents, Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart Hersh, Renay Frym, Noam Rozenman, Elena Rozenman, and Tzvi Rozenman, seek to enforce the judgment issued by the United States District Court for the District of Columbia that Petitioner registered in this Court. The judgment was based on a judgment entered by default against HAMAS, and awarded compensatory damages in the amount of $214,500,000.

13. Adverse Claimant-Respondent HLF, which has maintained its principal office at 525 International Parkways, Suite 525, Richardson, Texas, has maintained a deposit account with JPM Chase and its predecessors. HLF is at the present time owed a deposit debt by JPM Chase that has been blocked by regulations issued by OFAC. That deposit is also subject to the litigation pending in the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, ancillary to *Holy Land Foundation*, 04-cr-00240-P. On April 27, 2011, the district court in Texas issued a decision concluding that the rights of Petitioners to obtain execution against HLF property under TRIA took precedence over the rights of the United States to forfeit that property. In connection with the United States' appeal from that decision, the district court issued a stay of execution pending appeal, but also "allow[ed] the Rubin Petitioners to prosecute their claim to attach the blocked assets of HLF." *Holy Land Foundation*, 04-cr-00240-P (Aug. 19, 2011). On October 25, 2011, the United States filed a motion in the Texas proceeding seeking clarification of the district court's stay order, which seeks a ruling definitively staying proceedings in this Court. As of the date of this filing, no ruling has been issued with respect to that motion.

14. Adverse Claimant-Respondent Eric Holder, in his capacity as Attorney General of the United States, is seeking to forfeit property of HLF, including the HLF deposits held by JPM Chase, pursuant to an order of criminal forfeiture issued by the United States District Court for the Northern District of Texas pursuant to 21 U.S.C. § 833. As recited in paragraph 15 above, the United States has appealed the decision of the United States District Court for the Northern District of Texas to the effect that the Petitioners' right to execute on their judgment against HAMAS by proceeding under TRIA against any blocked HLF property takes precedence over the rights of the United States to forfeit that property pursuant to 21 U.S.C. § 853. As also indicated in paragraph 15, the district court has issued a stay of execution pending the United States' appeal to the United States Court of Appeals for the Fifth Circuit, and a motion for clarification of its ruling remains pending.

## The Need for Interpleader Relief

15. Petitioners, HLF and the United States have either asserted, or may be entitled to assert, claims in respect of the blocked HLF deposits on the books of JPM Chase. JPM Chase has filed this Third-Party Petition in order to bring before the Court all known parties with claims to these funds and to obtain a discharge in interpleader.

16. JPM Chase is unable to effect the unlicensed transfer of blocked deposits held by it to either Petitioners or Third-Party Respondents HLF without risk of violating the OFAC regulations, nor is it able to pay out to the Petitioners any part of such blocked deposits without being subject to a risk of contempt for violating the Texas district court's stay of execution.

17. Under these circumstances, where there may be conflicting claims to funds held by JPM Chase, thereby exposing it to the risk of double or multiple liability, and the risk of contempt, federal and state law recognize JPM Chase as a disinterested and neutral stakeholder and provide mechanisms for it to bring before the Court any person or adverse claimant with a

claim to the same funds who may not already be a party to this action. *See* Fed. R. Civ. P. 22, N.Y. C.P.L.R. §§ 5239 and 6221, N.Y. Banking Law § 134.

18. JPM Chase takes no position on (a) the entitlement of Petitioner to execute on the default judgments held against HAMAS, (b) whether HLF is an "agency or instrumentality" of HAMAS within the meaning of TRIA, (c) whether the United States is entitled to an order forfeiting the HLF deposits pursuant to 21 U.S.C. § 853, or (d) the defenses that any of the other Adverse Claimants-Respondents may have against such execution or forfeiture.

19. JPM Chase requests, however, that to the extent any of the Adverse Claimants-Respondents fails to appear in order to assert a defense to execution by Petitioners, or a claim of forfeiture of the blocked accounts in question, that the Court nonetheless adjudicate and issue final judgment on all issues bearing on the rights of any defaulting Adverse Claimant-Respondent with respect to the blocked HLF accounts that are the subject of the Turnover Petition, as summarized in paragraph 20 above.

20. JPM Chase further requests that, to the extent any of the Adverse Claimants-Respondents do appear, this Court adjudicate which Adverse Claimant-Respondent is entitled to claim and receive turnover of the blocked HLF deposits, and relieve JPM Chase of any further liability in respect of the deposits, after awarding JPM Chase its reasonable attorneys fees and costs as incurred by it in responding in interpleader to the conflicting claims to the HLF deposits asserted by the HLF, the Petitioners and the United States, such award to be paid by the responsible party or from any amount turned over to any party.

### The Third-Party Petitioner's Prayer for Relief

WHEREFORE, JPM Chase respectfully requests that the Court enter judgment determining:

(a)     and specifying the identity of any blocked funds being made subject to execution, turnover or forfeiture, the amount of such blocked funds, if any, to be turned over pursuant to any execution or turnover order, and the identity of the Adverse Claimant, if any, to whom such turnover is to be made;

(b)     that any blocked funds that are subject to a turnover order consist solely of (a) the blocked property or blocked assets of HLF in its alleged capacity as an "agency or instrumentality" of HAMAS within the meaning of TRIA, or (b) property of HLF subject to criminal forfeiture in its own name, and that either TRIA or 21 U.S.C. § 853 allows the blocked property or blocked assets to be executed against or forfeited to satisfy a judgment against the judgment debtor, HAMAS, or the order of forfeiture issued against HLF, irrespective of whether it would otherwise be immune from attachment, execution, or attachment in aid of execution;

(c)     that to the extent the judgment as to which turnover is ordered is against HAMAS as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, the HLF is an "agency or instrumentality" of HAMAS within the meaning of TRIA, and the judgment creditor's entitlement to turnover under TRIA takes precedence over the right of the United States to forfeit the HLF deposits held by JPM Chase pursuant to 21 U.S.C. § 853;

(d)     that, to the extent turnover to the United States pursuant to the order of forfeiture against HLF is ordered, the right of the United States to an order of forfeiture with respect to the HLF property takes precedence over the right of the Ungars or the Petitioners to turnover under TRIA;

(e)     that the amount of each judgment as to which turnover is ordered under TRIA, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damages for which [a] terrorist party has been adjudged liable";

(f)     that, in respect of any judgment entered against HAMAS is enforced against HLF property by default, (i) a copy of such default judgment was sent to HAMAS in a manner provided for service by applicable law, and (ii) the judgment debtor and HLF were served with the Turnover Petition in accordance with C.P.L.R. §§ 5225(a) and 5227;

(g)     that none of the blocked funds being made subject to a turnover order consists of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(h)     that service of the Third-Party Petition by JPM Chase on the Adverse Claimants-Respondents was good and sufficient service;

9

(i)     that, upon the compliance by JPM Chase with any order of turnover, it is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and 6204 from any further liability or obligation to any Adverse Claimant-Respondent in respect of any amount so turned over, and discharged as well in interpleader pursuant to Fed. R. Civ. P. 22;

(j)     that, to the extent JPM Chase is ordered to hold, pending further order of the Court directing turnover, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit owed to HLF, JPM Chase, pursuant to N.Y. C.P.L.R. §§ 5209 or 6204, as applicable, as well as pursuant to Fed. R. Civ. P. 22, shall be fully discharged from any and all deposit obligations or other liabilities to HLF, or to any other person or Adverse Claimant-Respondent to the full extent of such amount so held subject to further order of the Court, or paid over into the registry of the Court;

(k)     that judgment be entered in favor of JPM Chase pursuant to Fed. R. Civ. P. 22:

(i)     restraining and permanently enjoining the Adverse Claimants-Respondents or any of their agents from instituting or prosecuting any claim or action against JPM Chase in any jurisdiction, arising from or relating to any claim to the blocked deposit held and turned over pursuant to order of the Court;

(ii)    upon issuance of the discharge referred to above, dismissing JPM Chase as a party to this proceeding and requiring the Adverse Claimants-Respondents or their agents to litigate among themselves concerning their rights in the blocked deposits to the extent necessary.

(l)     Awarding JPM Chase the reasonable attorneys fees and costs incurred by it, such award to be paid by the responsible party or out of any amount turned over to any party, as well as such other and further relief as may be appropriate.

Dated:  New York, New York
        November 16, 2011

DAVIS POLK & WARDWELL LLP

By: /s/ James L. Kerr
    James L. Kerr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent JPMorgan Chase Bank, N.A.*

**Of Counsel**
Karen E. Wagner
Lauren B. Schorr