# Davis Polk

**James L. Kerr**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4552 tel
212 701 5552 fax
james.kerr@davispolk.com

New York
Menlo Park
Washington DC
São Paulo
London

Paris
Madrid
Tokyo
Beijing
Hong Kong

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/13

*[handwritten: Treat as motion returnable November 15, Part I at 10 AM.]*

November 8, 2011

Re: *Rubin v. Hamas-Islamic Resistance Movement v. JPMorgan Chase Bank, N.A., HSBC Bank U.S.A., N.A., Citibank, N.A. and Morgan Stanley DW, Inc.*, 11-mc-00039-P1 (the "*Rubin* Proceeding"), and
*Estate of Ungar v. Morgan Stanley/Morgan Stanley DW Inc.*, 05-cv-03710-RWS (the "*Ungar* Proceeding")

The Honorable Robert W. Sweet
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14D
New York, NY 10007

*[handwritten: No opposition, motion granted. So ordered. Sweet USDJ 11-15-11]*

Dear Judge Sweet:

This letter is addressed to you in your capacity as the Judge presiding over Part I this week, hence the Judge responsible for the miscellaneous part to which the above-captioned *Rubin* Proceeding is assigned, and in your capacity as the Judge who has presided over the *Ungar* Proceeding since its inception in 2005. This firm represents JPMorgan Chase Bank, N.A. ("JPM Chase"), one of the garnishee-respondents in the above-referenced proceedings, and submits this letter on its behalf, and jointly on behalf of counsel for Citibank, N.A., HSBC Bank, U.S.A., N.A., and Morgan Stanley DW, Inc., each of which is likewise a garnishee-respondent in each of those proceedings. The same assets are at issue in each proceeding, as described below.

The *Rubin* proceeding was filed in the miscellaneous part, and has not yet been assigned to a particular judge. The purpose of this letter is to respectfully request that, pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, the *Rubin* Proceeding be deemed related to the *Ungar* Proceeding, which remains pending on Your Honor's docket, and that the *Rubin* Proceeding be assigned to Your Honor.

Both the *Ungar* and *Rubin* proceedings are enforcement proceedings brought under the Terrorism Risk Insurance Act of 2002, Public Law 107-297, 116 Stat. 2322, codified as a footnote to 28 U.S.C. § 1610 ("TRIA"), and both are brought to enforce judgments against HAMAS (Harakat Al-Muqawamat Al-Islamiyya), also known as the Islamic Resistance Movement. Each of the above-named garnishee-respondents holds property in the name of the Holy Land

Foundation for Relief and Development ("HLF"), and has been served with writs of execution and restraining notices in both the *Ungar* and *Rubin* proceedings. In both proceedings, the petitioners have sought to enforce a judgment against HAMAS by executing against the property of HLF on the theory that the HLF was an "agency or instrumentality" of HAMAS within the meaning of TRIA.

Significantly, each of the garnishee-respondents has also been served with criminal forfeiture orders directed at the same HLF property in connection with criminal proceedings brought against HLF and its principals in the United States District Court for the Northern District of Texas. *United States v. Holy Land Foundation for Relief and Development ("Holy Land Foundation")*, No. 04-cr-00240-P (the "Texas Criminal Prosecution"). As Your Honor will recall, from at or about the time of the filing of the *Ungar* proceeding in August 2005 until the present time, the garnishee-respondents have therefore been subject to conflicting orders directed at the same HLF property. While the circumstances have changed from time to time, the outstanding orders have remained in conflict, but the status quo has been maintained. While the *Ungar* petitioners have recently proposed a dismissal of their petition, issues relating to attorneys fees and costs remain outstanding, and it remains pending. In addition, the United States and the *Rubin* petitioners remain at loggerheads, with the garnishee-respondents caught in the middle where they are subject to the risk of conflicting judgments.

In connection with Texas criminal forfeiture litigation pending in the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, which is ancillary to the Texas Criminal Prosecution, the United States has asserted that it is entitled to forfeiture of the HLF's property pursuant to principles of criminal forfeiture under 21 U.S.C. § 853, and that its right to forfeit HLF's property takes precedence over the rights of Petitioner under TRIA. While the Texas District Court issued an order in that case "allowing the Rubin Petitioners to prosecute their claim to attach the blocked assets of HLF," *Holy Land Foundation*, 04-cr-00240-P (Aug. 19, 2011), the United States has taken an appeal from that decision, and the district court issued a stay of execution pending appeal. *Id.* In light of the Texas District Court's decision, the *Rubin* Petition may arguably be in violation of the stay issued by the district court. In any event, on October 25, 2011, the United States filed a motion in the Texas proceeding seeking clarification of the District Court's stay order that also seeks a ruling that would definitively stay the proceeding commenced by the Rubins in this Court. A ruling on that motion has not yet been issued.

Whatever the result of the Government's application might be, the garnishee-respondents are likely to remain subject to conflicting orders until the Government's appeal has been decided on the merits. Because the parties, including the United States and Texas counsel for the *Rubin* petitioners, have appeared before Your Honor on a number of occasions in connection with the *Ungar* Proceeding,[1] the garnishee-respondents believe that the interests of justice and efficiency will be served if the *Rubin* Proceeding is also assigned to Your Honor.

In both proceedings, the petitioners seek turnover of the same funds from the same garnishee banks to enforce judgments against HAMAS, and have relied on the same theories under TRIA to enforce their judgments against HLF property. In addition, the same HLF property

---

[1] The *Rubin* and *Ungar* petitioners have been actively represented by the same counsel in Texas that has represented and continues to represent the Ungars here in New York. The current counsel for the *Rubin* petitioners has also been New York counsel of record for the *Ungar* petitioners since April 2006.

Judge Sweet                                3                                November 8, 2011

has been subject to the same criminal forfeiture orders. The proceedings thus share a congruence of parties, issues, and requested relief. Accordingly, by treating these proceedings as related, we believe that judicial resources would be conserved, that the efficient and economical conduct of the litigation would be advanced, and that the convenience of the parties, in particular the garnishee-respondents, would be served. *See* Rule 13(a). Copies of the *Rubin and Ungar* petitions and the answers filed on behalf of the garnishee-respondents in response the *Rubin* petition are enclosed for Your Honor's information.

Accordingly, counsel for the garnishee-respondents respectfully request that Your Honor deem the *Rubin* Proceeding to be related to the *Ungar* Proceeding and that it be assigned to Your Honor's docket.

Very respectfully yours,

James L. Kerr

cc: Robert J. Tolchin, Esq. (Counsel for the Rubins and the Ungars)
    David J. Strachman, Esq. (Counsel for the Ungars)
    Mara Trager, AUSA (Counsel for the United States)
    Sharon Schneier, Esq. (Counsel for Citibank, N.A.)
    Theodore R. Snyder, Esq. (Counsel for Morgan Stanley DW, Inc.)
    Paul K. Stecker, Esq. (Counsel for HSBC Bank U.S.A., N.A.)