# EXHIBIT A

1
2

Hon. Robert S. Lasnik
Hearing Date:  November 15, 2013
Hearing on Motion to Extend Time:  *ex parte*

3

4

5

6

7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11

AMANA MUTUAL FUNDS TRUST, an
Indiana trust and registered investment
company; et al

)
)
)
)

Case No. CV06-0518 RSL

12

Plaintiffs

)
)
)

**RUBIN DEFENDANTS' RESPONSE TO
USA's MOTION TO DISBURSE AND
DISMISS; and**

13

vs

)
)

14
15

HOLY LAND FOUNDATION FOR RELIEF
AND DEVELOPMENT, a Texas non-profit
organization, et al

)
)
)
)

**MOTION TO EXTEND TIME FOR FILING
RESPONSE AND HEARING**

16

Defendants

)
)
)

**Hearing Noted:  November 15, 2013**

17

)

18

The Rubin Defendants[1] in the above entitled matter respond to the United States' motion

19

to disburse and dismiss [Dkt No. 45]; and

20

21

22
23
24

[1] The Rubin Defendants include Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart Elliot
Hersh, Renay E. Frym, Noam Rozenman, Elena Rozenman, and Tzvi Rozenman ("plaintiffs") have a judgment
wholly or partially unsatisfied, against the above named defendant, HAMAS – Islamic Resistance Movement
("HAMAS"), entered on September 27, 2004, in the United States District Court for the District of Columbia and
domesticated in the court from which the writ is being sought

25

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

Move the Court for an order to extend the time for the noted hearing date, November 15, 2013 and the response date and show as follows:

1.      The Rubin Defendants hold unsatisfied judgments totaling $214,500,000.00 against Hamas, the Islamic Resistance Movement ("HAMAS"), which were entered in the United States District Court for the District of Columbia on September 27, 2004.  Exhibit A.  These judgment were registered in this court under Cause No. MS 04-191 on December 8, 2004.  A writ of garnishment against funds and accounts of the Holy Land Foundation for Relief and Development ("HLF") was issued by this court in February of 2005.[2]

2.      Saturna Capital, the Garnishee Defendant, answered that as of March 29, 2005, the day the Writ was served, it held over one million dollars value in shares, which it converted to cash, and interplead in these proceedings.  Pursuant to the garnishment, on April 13, 2013, Saturna deposited $1,431,666.95 into the Registry of this Court.  See. Docket No. 1.  A copy of Saturna's Answer to the Writ of Garnishment is attached as Exhibit B.  See, also, Government's Statement of Facts, Docket No. 45 at paragraph 4.

3.      On July 26, 2004, the Government filed a 42 count indictment against the HLF in the Northern District of Texas.  The HLF was ultimately convicted and ordered to forfeit $12,400,000 to the United States.  After appeals relating to the disposition of the funds held by this Court in Texas and the Fifth Circuit, the Fifth Circuit Court of Appeals issued a final order

---

[2] Under the provisions of §201(a) of The Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA") because the Holy Land Foundation is an agency and instrumentality of HAMAS within the meaning of TRIA, the Plaintiffs were entitled to satisfy their judgment from assets of the Holy Land Foundation for Relief and Development.

RUBIN DEFENDANTS' RESPONSE AND MOTION
TO EXTEND TIME

Page 2 of 6

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

declaring that the Government had the right to these funds.  See, *United States v. HLF, et al*, 722

F.3d 677 (5th Cir. 2013) a copy of which is file under Docket No. 45 in this case.  See, also

Government's Statement of Facts, Docket No. 45, at paragraphs 5 and 6.

4.      However, the Rubin Defendants respectfully believe that the Fifth Circuit's

decision is erroneous and unenforceable in this Court because (among other reasons) under Ninth

Circuit case law, the disposition of funds that are in the registry of the court - like the funds at

issue here - are within the sole jurisdiction of the court holding such funds.  *See e.g., U.S. v.*

*Rubenstein*, 971 F.2d 288, 294 (9th Cir. 1992) ("Funds deposited in the registry of a federal

district court are *in custodia legis*. As such, the district court's control over the funds is virtually

supreme.").

5.      Accordingly, the Fifth Circuit lacked jurisdiction to rule on the disposition of

these assets. The fact that the Fifth Circuit rejected the Rubin Defendants' *in custodia legis*

argument is of no moment, because it lacked jurisdiction to rule in the first place and because the

funds are governed by Ninth Circuit law because they are in this district. Therefore, the Rubin

Defendants can and are prepared to challenge the Fifth Circuit's decision in this Court, and if

need be on appeal in the Ninth Circuit.

6.      Notwithstanding the above, the Rubin Defendants hoped and expected that it

would be unnecessary for them to continue their proceedings in this Court: during the course of

the proceedings in the Fifth Circuit the Government expressly and repeatedly represented to the

Fifth Circuit that if it prevailed on its forfeiture claims, it would nonetheless distribute the HLF

RUBIN DEFENDANTS' RESPONSE AND MOTION
TO EXTEND TIME

Page 3 of 6

***Sternberg Thomson Okrent & Scher, PLLC***
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

funds to the Rubins and to other victims of Hamas terrorism. *See* Brief for the United States, Exhibit A, at 3, 8, 17 and Addendum.

7.      While the Government's plan to distribute the funds to United States victims of Hamas will leave the Rubins with far less than they would otherwise be entitled to, they were and are prepared to accept that outcome, and terminate their litigation in respect to the assets. Unfortunately, however, the Government appears to have reneged on its promise to distribute the assets to the Rubins and the other victims. The Rubins' lead counsel, attorney David J. Strachman, has reached out repeatedly to the Government attorneys involved over the past few months and requested information regarding the promised distribution, but has received only evasive, non-committal replies. Thus, it appears that the Government's promise to the Fifth Circuit that the funds would be distributed to the Rubins and other victims after forfeiture which we believe was a primary concern when the Fifth Circuit endorsed the forfeiture, may not be fulfilled without further court intervention.

8.      On Wednesday, November 6, 2013, Senior U.S. District Judge Robert W. Sweet of the U.S. District Court for the Southern District of New York held a status conference regarding the HLF funds held in that district. *Rubin v. Hamas*, 1:11-mc-00039-P1 (SDNY) (RWS). At that conference Government counsel argued that in light of the Fifth Circuit's decision, the funds should be conveyed the Government forthwith. The Rubin Defendants' counsel opposed that request, and provided Judge Sweet with the relevant background regarding the Government's undertaking to distribute the funds to the Rubins and other victims, and its subsequent failure (or refusal) to do so. Judge Sweet asked Government counsel for the details of

RUBIN DEFENDANTS' RESPONSE AND MOTION
TO EXTEND TIME

Page 4 of 6

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

the putative distribution, but the latter stated that he was unable to provide them. Accordingly, Judge Sweet set a status conference for December 10, 2013, at which time counsel for the Government is to report to Judge Sweet on the details and status of the promised distribution.[3]

9.    Given the Government's continuing pattern of evasion on this issue including as recently the hearing before Judge Sweet on November 6, the Rubin Defendants respectfully believe that this Court should follow the course taken by Judge Sweet in the parallel proceeding and adjourn the Government's pending motion to release the funds, until the Government has confirmed that it will be making the distribution and provided the details and timetable therefor. If it emerges that the Government is indeed reneging on its promise to the Fifth Circuit, the Rubin Defendants will proceed to brief their *in custodia legis* and other arguments, so that this Court can rule on the merits. But it would be wasteful for the Rubins to brief and the Court to consider those merits arguments if it emerges that the Government will make good on its distribution plan.

**WHEREFORE**, the Rubin Defendants respectfully request either that the Court deny the Government's motion; or, in the alternative, that the Government's motion, and Defendants' time to respond thereto, be adjourned until sometime after the scheduled December 10, 2013 conference before Judge Sweet, at which the Government's intentions regarding these funds will be clarified.

//

---

[3] A transcript of the proceeding before Judge Sweet is not yet available; Defendants will supply it as soon as it becomes available.

RUBIN DEFENDANTS' RESPONSE AND MOTION
TO EXTEND TIME

Page 5 of 6

**STERNBERG THOMSON OKRENT & SCHER, PLLC**
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

DATED at Seattle, Washington in the above District this 11th day of November 2013

Sternberg Thomson Okrent & Scher, PLLC

*/s/ Craig S. Sternberg*

By _____

Craig S. Sternberg, WSBA 00521
Attorneys for the Rubin Defendants
500 Union Street, Ste 500
Seattle, WA 98101
206 386-5438 // FAX 206 374-2868
craig@stoslaw.com

CERTIFICATE OF SERVICE

The undersigned does hereby declare under penalty of perjury under the laws of the State of Washington that on November 11, 2013, I served the above joined Response and Motion for extension of time on the following parties in interest by using CM/ECF, which will send notification to the attorneys of record and by email, and first-class mail, postage prepaid as listed below:

Elizabeth J. Shapiro
Federal Programs Branch, Civil Division
U.S. Department of Justice,
P.O. Box 883
Washington, D.C. 20044
Email: elizabeth.shapiro@usdoj.gov

Peter Angus Winn
Jenny Durkin, U.S. Attorney
U.S. Attorney's Office (Seattle)
700 Stewart Street, Ste 5220
Seattle, WA 98101-1271
Email: Peter.Winn@usdoj.gov

David D. Swartling
Mills Meyers Swartling
1000 2nd Ave., Ste 3000
Seattle, WA 98104-1064
dswartling@mms-seattle.com

SIGNED at Seattle, Washington, this 11th day of November, 2013.

*/s/ Craig S. Sternberg*

_____

Craig S. Sternberg, WSBA No. 521

RUBIN DEFENDANTS' RESPONSE AND MOTION
TO EXTEND TIME

Page 6 of 6

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868